## COLE *versus* BRUCE & *al.*

Exceptions to the rulings of the Judge in the progress of a trial are waived by a motion, made and persisted in, to have the verdict set aside.

DEBT upon a poor debtor's relief bond.

The plaintiff requested certain instructions. They were not given.

The verdict was for the defendants. The plaintiff then moved to have the verdict set aside. This motion was overruled, and the plaintiff filed exceptions.

*Ruggles,* for the plaintiff.

*S. E. Smith,* for defendants.

SHEPLEY, C. J. — The case states that the suit was commenced on December 10, 1838. It does not appear by what means it could have been kept in the District Court for so long a time. Nor does it appear at what term of that court the action was tried, and the bill of exceptions allowed. The proceedings must have taken place since the Revised Statutes were in force, for the exceptions are allowed by the present Judge of the Middle District.

It is stated in the bill of exceptions, that "after the verdict was rendered the plaintiff's counsel moved, that the verdict be set aside and a new trial granted, because the verdict was against evidence and against law. But the Judge declined to set the verdict aside, deciding, that the same was not against law or evidence."

In the case of *State* v. *Call,* 14 Maine, 421, it was decided, that a party by making and persisting in a motion to have a verdict set aside, thereby waived his right to except to any ruling of the Judge during the trial.

The rights of parties are not greater under the provisions of the Revised Statutes. . .

It is provided, by chap. 97, sect. 18, that after exceptions are allowed " all further proceedings in said court shall be stayed, excepting, that any trial shall proceed, until a verdict is rendered."

If the exceptions were to be regarded as legally existing and not waived, the Judge could not legally entertain and act upon the motion.

By making and persisting in such a motion, the plaintiff virtually requested the Judge to disregard or reject the exceptions, for the motion could not be granted without annihilating them.

The exceptions to all instructions and rulings during the progress of the trial were therefore waived by making the motion, and proceeding to a decision upon it.

Exceptions will not lie to a decision of the Judge, refusing to grant a new trial ; that being a matter submitted by statute to his judicial discretion. *Moulton* v. *Jose*, 25 Maine, 76.

This case has therefore been irregularly brought into this court, and it is                                        *Dismissed.*